UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLIN HARPER, | : |
| Petitioner, | : Civ. No. 20-8345 (RBK) |
| v. | : |
| WARDEN, F.C.I. Fort Dix, | : **OPINION** |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, an inmate at FCI Fort Dix, in Fort Dix, New Jersey, filed a Petition under 28 U.S.C. § 2241. (ECF No. 1). Respondent filed an Answer, (ECF No. 4), and Petitioner did not file a reply. For the reasons discussed below, the Court will dismiss the Petition for lack of jurisdiction.

### I.   BACKGROUND

The Court gleans from the limited allegations, that this case arises from the conditions of Petitioner's incarceration at Fort Dix and the COVID-19 pandemic. In May of 2014, in the Eastern District of New York, Petitioner pleaded guilty to conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. (*United States v. Harper*, Crim. No. 14-170, (E.D.N.Y.), ECF No. 46, at 1). That court entered judgment in November of 2014, sentencing Petitioner to, among other things, 120 months in prison and 5 years of supervised release. (Crim. No. 14-170, (E.D.N.Y.), ECF No. 23).

According to Petitioner, Fort Dix houses him in unsafe conditions in light of the COVID-19 pandemic. Petitioner contends that he is a chronic care prisoner who suffers from hypertension, and that the CDC has identified hypertension as a "COVID-19 risk factor . . . [that] places him at considerably higher risk for contracting the virus and dying from it." (ECF No. 1, at 2). Further, he maintains that Fort Dix houses him "in an open-air dormitory housing unit, making social

distancing an[] impossibility," and that several inmates in his unit have tested positive for the virus. (*Id.*).

In light of such issues, Petitioner allegedly asked the Warden to release him to home confinement or file a motion to reduce sentence on his behalf but received a denial for both requests. Petitioner summarily concludes "that no further attempt to exhaust any administrative remedies need be undertaken since to do so would be . . . an exercise in futility." (*Id*. at 1). According to the Bureau of Prisons' ("BOP") records, however, Petitioner has never filed an administrative grievance regarding any of these issues, or any grievance for that matter, while in BOP custody. (ECF No. 4-2, at 2).

On or about July 3, 2020, Petitioner filed the instant Petition, arguing that the conditions of his confinement are unconstitutional. In terms of relief, it appears that Petitioner only seeks his immediate release.

Respondent filed an Answer, (ECF No. 4), and Petitioner did not file a reply. Respondent contends that this Court lacks jurisdiction under § 2241 to hear Petitioner's claims. In the alternative, Respondent contends that the Court should deny the Petition for Petitioner's failure to exhaust his administrative remedies.

## II.     STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b). A court addressing a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent

to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.

Thus, "[f]ederal courts . . . [may] dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. More specifically, a district court may "dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits . . . that the petitioner is not entitled to relief." *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

### III. DISCUSSION

#### A. Jurisdiction Under § 2241

First, Respondent argues that this Court lacks jurisdiction under § 2241 because Petitioner's claims do not fall within the core of habeas. Under § 2241(c)(3), "[t]he writ of habeas corpus shall not extend to a prisoner unless . . .. He is in custody in violation of the Constitution or laws or treaties of the United States." In other words, a petitioner must satisfy: "the status requirement that the person be 'in custody,' and the substance requirement that the petition challenge the legality of that custody on the ground that it is 'in violation of the Constitution or laws or treaties of the United States.'" *See, e.g.*, *Wilson v. Montgomery Cty., Pa.*, No. 09-0371, 2009 WL 1322362, at *4 (D.N.J. May 12, 2009) (quoting 28 U.S.C. § 2241(c)(3)) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)).

"Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 [or *Bivens*] action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citation omitted). "[U]nless the claim would fall within the 'core of habeas' and require sooner release if resolved in the plaintiff's favor, a prison confinement action . . . is properly brought under § 1983"

3

or a *Bivens* action. *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Stated differently, "'when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction,' a civil rights action is the proper method to seek relief." *Chaparro v. Ortiz*, No. 20-5272, 2020 WL 4251479, at *2 (D.N.J. July 24, 2020) (quoting *Leamer*, 288 F.3d at 542).

Typically, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). "Examples of habeas claims that affect the duration of confinement include parole challenges, loss of good time credits and incorrect sentence calculations." *Wragg v. Ortiz*, No. 20-5496, ____ F. Supp. 3d ____, 2020 WL 2745247, at *14 (D.N.J. May 27, 2020); *see also Chaparro*, 2020 WL 4251479, at *2.

With those principles in mind, the Court finds that Petitioner's pandemic related claims do not sound in habeas. The Court will construe the Petition to argue that Petitioner's pre-existing condition, combined with Fort Dix's allegedly insufficient response to COVID-19, makes his detention at the facility unconstitutional.

As a general matter, Petitioner's challenges to the conditions of his confinement do not challenge the fact or duration of his custody, *i.e.*, his *conviction or sentence*, as unconstitutional. "Rather, his allegations are that the *conditions* of his confinement are unconstitutional under" the Eighth Amendment. *See Turner v. Ortiz*, No. 16-9553, 2017 WL 1955330, at *2 (D.N.J. May 11, 2017) (emphasis in original); *cf. Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87, 89 (3d Cir. 2015) (holding that claims of inadequate medical care "do not sound in habeas corpus").

Stated differently, because a finding in Petitioner's favor, such as a finding that the conditions at Fort Dix constitute cruel and unusual punishment "would not alter his sentence or

undo his conviction,"[1] he cannot proceed on these claims by habeas petition. *Leamer*, 288 F.3d at 542; *see, e.g.*, *Levi v. Ebbert*, 353 F. App'x 681, 681 (3d Cir. 2009).

The COVID-19 pandemic and Fort Dix's alleged failures regarding the pandemic, do not change that conclusion. Indeed, the Honorable Renée Marie Bumb recently dismissed a putative class action under § 2241, raising claims like Petitioner's, on behalf of the "medically vulnerable" inmates at Fort Dix. *Wragg*, 2020 WL 2745247. After discussing the general differences between habeas and civil rights actions, Judge Bumb observed that the Supreme Court, in *dicta*, left open the possibility of prisoners challenging the conditions of their confinement, in exceptional circumstances, through a habeas petition. *See id.* at *15 (citing *Bell v. Wolfish*, 441 U.S. 520, 526 n.6 (1979); *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). Nevertheless, "neither the Supreme Court nor the Third Circuit has ever recognized any exceptional circumstance that would allow Petitioners to challenge their conditions of confinement in a habeas petition." *Id.* (citing *Muhammad*, 540 U.S. at 751 n.1).

Indeed, despite allegations that prisoners "were held in tiny, empty, constantly lighted cells for over 23 hours per day without basic hygiene, and subjected to physical abuse, including broken bones, and verbal abuse, including sexual and religious insults," the Supreme Court, in *Ziglar v. Abassi*, did not find that habeas relief was available "'to remove the restraints making the custody illegal.'" *Id.* at *18–19 (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1853 (2017)). Judge Bumb reasoned that *Abassi*, "is telling of just how extraordinary the case must be for habeas jurisdiction

---

[1] Such a finding "'would not necessarily imply that [Petitioner] would serve a shorter sentence.'" *See Gillette v. Territory of Virgin Islands*, 563 F. App'x 191, 195 (3d Cir. 2014) (quoting *Leamer*, 288 F.3d at 543); *Wragg*, 2020 WL 2745247, at *18–19. The proper remedy could be home confinement, transfer to a safer facility, or an injunction addressing the conditions at the facility, but not release from custody. *See Gillette*, 563 F. App'x at 195 ("Allowing this type of clever pleading would essentially permit a prisoner to bring any claim within the scope of habeas relief by merely asking for release from custody, thus eviscerating the applicability of civil rights statutes like § 1983."); *Wragg*, 2020 WL 2745247, at *18–19.

to lie before a prisoner may be released from lawful custody based on a condition of confinement." *Id*.

"To be fair, Petitioners' fear of contracting COVID-19 is not unwarranted. Such a fear permeates American society, and in a prison environment such fears are most likely heightened. But nothing in the Complaint rises to the level of circumstances that warrant habeas relief." *Id.* at *19. As a result, "Judge Bumb declined to find that the mere threat of exposure to COVID-19 was such an exceptional circumstance and dismissed for lack of habeas jurisdiction." *Dobson v. Warden*, No. 20-5519, 2020 WL 4035446, at *2 (D.N.J. July 17, 2020).

This Court finds Judge Bumb's reasoning to be persuasive. Consequently, to the extent Petitioner argues "that the threat of COVID-19 exposure in and of itself makes Petitioner's confinement in Fort Dix unconstitutional, the Court does not have jurisdiction under § 2241," to hear his claims. *Chaparro*, 2020 WL 4251479, at *3 (concluding similarly); *Cavigliano*, No. 20-5949, 2020 WL 4218008, at *2 (D.N.J. July 23, 2020) (same); *Dobson*, 2020 WL 4035446, at *3 (same).

### B. Failure to Exhaust

That said, even if this Court had jurisdiction, the Court would deny these claims because Petitioner has failed to exhaust his administrative remedies. Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner may not ordinarily bring a § 2241 petition, challenging the execution of his sentence, until he has exhausted all available administrative remedies. *See, e.g.*, *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). According to the BOP's records, Petitioner has never filed an administrative grievance regarding his claims, or any grievance for that matter. (ECF No. 4-2, at 2).

Petitioner alleges that he made two requests to the Warden regarding home confinement and a motion to reduce sentence, but it is unclear in what form he made those requests. Assuming Petitioner made those requests in some form, it appears he did not do so by filing a proper administrative grievance. As a result, Petitioner has failed to comply with the BOP's grievance procedures and rules,[2] and has thus failed to exhaust his administrative remedies. (ECF No. 4-2, at 2).

Petitioner did not file a reply and does not allege any facts that would permit the Court to find that exhaustion would be futile or that requiring exhaustion would subject Petitioner to irreparable injury. Consequently, the Court would also deny the Petition for Petitioner's failure to exhaust his administrative remedies.

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction. An appropriate Order follows.

Dated: September  1 , 2020    s/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[2] The BOP Administrative Remedy Program, 28 C.F.R. § 542.10 *et seq.*, provides for review of inmate grievances at the institutional, Regional, and Central Office levels. Inmates must first present grievances informally, and then if dissatisfied with the informal resolution, the inmate must submit a written administrative remedy request. 28 C.F.R. §§ 542.13–542.14. If the inmate is not satisfied with the Warden's response, he may appeal to the Regional Director, and then to the Central Office, General Counsel. 28 C.F.R. § 542.15(a). An appeal to the General Counsel is the final administrative appeal. *Id.* The General Counsel shall respond to the final appeal within 40 calendar days, and if the inmate receives no response within that time, he may consider it a denial. 28 C.F.R. § 542.18.